IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FALESA M. MCCALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-114 (RDA/JFA) |
| ) | |
| MICHAEL MOLFETTA LAW LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Molfetta Law LLC's ("Defendant Molfetta Law")[1] Motion to Dismiss Under Federal Rule of Civil Procedure 12(b) ("Motion to Dismiss"). Dkt. 13. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendant Molfetta Law's Motion to Dismiss together with its Memorandum in Support (Dkt. 13)[2] and Plaintiffs Falesa M. McCall and Phoenicia Harrell's *pro se* Complaint (Dkt. 1), this Court GRANTS Defendant Molfetta Law's Motion to Dismiss (Dkt. 13) for the reasons that follow.

---

[1] The Complaint names "Micheal Molfetta Law LLC" as a Defendant, Dkt. 1 at 2, but the name of the Defendant law firm is actually "Molfetta Law LLC," Dkt. 13 at 1. For the sake of clarity, the Court will refer to this Defendant by its correct name.

[2] Defendant Molfetta Law filed its Motion to Dismiss and Memorandum in Support as a single docket entry. Dkt. 13.

I. BACKGROUND

A. Factual Background

Plaintiff Falesa M. McCall ("Plaintiff McCall") and her daughter Plaintiff Phoenicia Harrell ("Plaintiff Harrell") (collectively, "Plaintiffs"), are Maryland residents. Dkt. 1 at 1, 3. Defendant Molfetta Law is a California-based law firm. *Id.* at 2. Defendant Jordan Sulkin ("Defendant Sulkin"), a Virginia resident, is the CEO of Timeshare Freedom Group. *Id.* Defendant Shawn Williams ("Defendant Williams"), also a Virginia resident, is a consultant for Timeshare Freedom Group who was assigned to assist Plaintiff McCall in cancelling a timeshare. Dkt. Nos. 1 at 2; 1-1 at 5.

At some point, Plaintiff McCall purchased a timeshare through a company referred to in the Complaint as "Wyndham." Dkt. 1-1 at 1-5. On February 1, 2020, Plaintiff McCall paid Timeshare Freedom Group $5,698 to cancel her timeshare for her. Dkt. Nos. 1 at 5; 1-1 at 11.

On March 27, 2022, Plaintiff McCall wrote letters to Defendant Molfetta Law, the Attorney General of Maryland, the Attorney General of Washington, D.C., and the Virginia Department of Occupational Regulation, requesting their assistance in resolving a dispute between her and Timeshare Freedom Group. Dkt. 1-1 at 1-4. In her letters, Plaintiff McCall asserted that two years had passed since she paid Timeshare Freedom Group to cancel her Wyndham timeshare and that Timeshare Freedom Group had not yet done so. *Id.* Plaintiff McCall also asked in those letters for a refund, a cancellation letter, and removal of "the negative information" from her credit report. *Id.*

Plaintiffs now bring suit in this Court against Defendants seeking damages in the amount of $5,698 for the cancellation fee Plaintiff McCall paid Timeshare Freedom Group, as well as $1,000,000 for the hardship and stress that they experienced and the negative impact to Plaintiff

McCall's credit score that allegedly resulted from her dealings with Timeshare Freedom Group. Dkt. 1 at 5.

### B. Procedural Background

Plaintiffs filed a Complaint in this Court on January 26, 2023. Dkt. 1. They then served process on Defendant Molfetta Law on April 12, 2023. Dkt. 10. Thereafter, on April 28, 2023, Defendant Molfetta Law filed its Motion to Dismiss. Dkt. 13.

On June 2, 2023, the Court issued Plaintiffs a Show Cause order as to why Defendants Sulkin and Williams should not be dismissed from the instant action pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve within 90 days. Dkt. 20. In response, on June 12, 2023, Plaintiff McCall filed a Motion to Reopen the Case and Include her in the Proceedings. Dkt. 22. Subsequently, on June 28, 2023, the Court denied Plaintiff McCall's Motion and dismissed Defendants Sulkin and Williams from the instant case. Dkt. 23. To date, Plaintiffs have not filed an Opposition or responded in any capacity to Defendant Molfetta Law's Motion to Dismiss.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is supported. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, as Defendant Molfetta Law does here, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Mindful that Plaintiffs are proceeding *pro se*, this Court liberally construes their filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of her obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into her advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

The gravamen of Plaintiffs' allegations is that Plaintiff McCall paid Timeshare Freedom Group $5,698 to cancel her timeshare, but the company never did so, thus causing Plaintiffs "hardship, stress[,] and [Plaintiff McCall's] credit [to] go[] into [the] negative." Dkt. 1 at 4-5. Based on these allegations, Plaintiffs appear to be attempting to bring a claim for breach of contract and an emotional distress claim sounding in tort against Defendant Molfetta Law. *Id.* at 4-5.

Defendant Molfetta Law's Motion contains several separate motions to dismiss the Complaint. Dkt. 13. First, Defendant Molfetta Law urges the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiffs fail to raise any federal question in the Complaint and that there is no diversity jurisdiction given that the amount in controversy does not exceed $75,000. *Id.* at 2. Second, Defendant Molfetta Law asks the Court to dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction, contending that the law firm lacks minimum contacts with the Commonwealth of Virginia. *Id.* Third, Defendant Molfetta Law moves the Court to dismiss the Complaint pursuant to Rule 12(b)(3) for improper venue because the contract at issue here contains a forum selection clause that lists Orange County, California as the only proper venue for disputes arising under the agreement. *Id.* Fourth, Defendant Molfetta Law seeks dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, asserting that the Complaint does not plausibly allege any claim against Defendant Molfetta Law and, in any event, does not plausibly allege the elements of a breach of contract or emotional distress claim. *Id.* at 2-3. Lastly, Defendant Molfetta Law argues that the Complaint should be dismissed under Rule 12(b)(7) for failure to join Timeshare Freedom Group as a Defendant. *Id.* at 3. The Court will begin by addressing the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

"Subject matter jurisdiction defines the [C]ourt's authority to hear a given type of case[.]" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). Importantly, "[f]ederal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects

encompassed within a statutory grant of jurisdiction." *Id.* Congress has conferred on federal courts two primary bases for subject matter jurisdiction: federal question jurisdiction under U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). Although Plaintiffs only explicitly invoke federal question jurisdiction in their Complaint, *see* Dkt. 1 at 4 (checking the box for federal question jurisdiction), this Court will consider whether it has either federal question jurisdiction or diversity jurisdiction over the instant action.

1. Federal Question Jurisdiction

In their Complaint, Plaintiffs claim that the basis for jurisdiction here is federal question jurisdiction. Dkt. 1 at 4. Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction can be established by showing that federal law creates a cause of action or "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809-10. Plaintiffs have not asserted either here. Instead, they merely allege state-law claims for breach of contract and emotional distress. Dkt. 1 at 4-5. Accordingly, Plaintiffs have failed to establish federal question jurisdiction.

## 2. Diversity Jurisdiction

Diversity jurisdiction is established in cases where there is complete diversity of citizenship[3] and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This Court will consider each requirement in turn.

### a. Complete Diversity of Citizenship

In the case at bar, Plaintiffs allege that they are residents of Maryland, that Defendants Sulkin and Williams are residents of Virginia, and that Defendant Molfetta Law is a California-based law firm. *See* Dkt. 1 at 2 (providing addresses for the parties to this litigation). Critically, "[a] limited liability company ('LLC')" like Molfetta Law "is assigned the citizenship of" each "of its members." *VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*, No. 4:14CV34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014) (citing *General Technology Applications. Inc. v. Extro Ltda*, 388 F.3d 114, 120 (4th Cir.2004)). "Therefore, '[t]o sufficiently allege the citizenships of [an LLC], [Plaintiffs] must list the citizenships of all the members of the [LLC].'" *Id.* (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Here, Plaintiffs merely allege where Defendant Molfetta Law's office is located without any mention of the citizenship of the law firm's members. Dkt. 1 at 2. As such, Plaintiffs fail to carry their burden of establishing complete diversity of citizenship.

---

[3] "The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)).

b. The Amount in Controversy

Even if Plaintiffs had satisfied the complete diversity of citizenship requirement, however, they would still not be able to establish diversity jurisdiction because it is clear to a legal certainty that the amount in controversy here is $5,698 and thus does not exceed $75,000.

In their Complaint, Plaintiffs assert that they are entitled to $5,698 in actual damages and $1,000,000 in punitive damages. Dkt. 1 at 5. On their face, these claimed damages do exceed $75,000. And, in general, a plaintiff's claimed damages amount controls the diversity jurisdiction amount-in-controversy requirement, provided that the "amount-in-controversy allegation is . . . made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). But a plaintiff's claimed damages do not end the subject matter jurisdiction inquiry in all cases. In particular, "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." *Lauter v. Glaxosmithkline*, No. 2:16-cv-716, 2017 WL 3449589, at *2 (E.D. Va. Mar. 3, 2017) (cleaned up). While punitive damages are "typically included in the amount in controversy calculus," *id.*, if it is clear "to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit [may] be dismissed[,]" *Microstrategy Servs. Corp. v. Openrisk, LLC*, No. 1:14-cv-1244, 2015 WL 3774485 at *4 (E.D. Va. June 17, 2015) (quoting the Supreme Court's legal certainty test, as articulated in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The legal certainty threshold is met when a "plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount[.]" *St. Paul Mercury Indem. Co.*, 303 U.S. at 289.

Here, Plaintiffs assert that they are entitled to $1,000,000 in punitive damages. Dkt. 1 at 5. In support of their position, Plaintiffs specifically point to the stress and hardship they

experienced and the harm to Plaintiff McCall's credit score that resulted from Timeshare Freedom Group's alleged breach of contract. *Id.*

To recover punitive damages, a plaintiff must show that a defendant committed willful, wanton, or malicious violations of Virginia law.[4] *Blakely v. Austin–Weston Ctr. for Cosmetic Surgery, L.L.C.,* 348 F. Supp. 2d 673, 677-78 (E.D. Va. 2004). Virginia law also "imposes a heavy burden on a plaintiff seeking punitive damages." *Id.* at 677. "[I]n Virginia, the standard for establishing punitive damages is beyond even gross negligence" because the primary purpose of punitive damages is to punish wrongdoers acting willfully, wantonly, maliciously, or with disregard for the law. *Adkins v. HBL, LLC*, No. 1:17-cv-774, 2017 WL 4484246, at *2 (E.D. Va. July 18, 2017) (cleaned up). Put simply, to rely on punitive damages to meet the amount-in-controversy requirement, Plaintiffs must plausibly allege facts supportive of such damages. *See id.* (granting defendant's Rule 12(b)(1) motion to dismiss because "plaintiff's damages claim does not plausibly allege that defendants acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations" (cleaned up)).

In the instant case, Plaintiffs have failed to plausibly plead facts indicative of willfulness or maliciousness on the part of Defendants. Nowhere in the Complaint are there allegations that, when taken as true (along with reasonable inferences therefrom), suggest maliciousness or

---

[4] It is not entirely clear whether Virginia, Maryland, or California law would apply to this dispute. However, Defendant Molfetta Law relies on Virginia law in its Memorandum in Support, and Plaintiffs, by not responding to Defendant's Motion to Dismiss, have not proposed any other law that might apply. In any event, it makes no difference because, under any potentially applicable law, Plaintiffs cannot recover the amount claimed. *See Shaefer v. Miller*, 587 A.2d 491, 492 (Md. 1991) ("In a tort case where punitive damages are permitted, in order to obtain such an award a plaintiff must prove actual malice or its legal equivalent."); *Commodore Home Sys., Inc. v. Superior Court*, 649 P.2d 912, 914 (Cal. 1982) ("[F]or the breach of an obligation not arising from contract," punitive damages may be recovered [only] "where the defendant has been guilty of oppression, fraud, or malice . . . ." (quoting Cal. Civil Code § 3294(a))).

willfulness on Defendant Molfetta Law's part. In fact, the only mention of Defendant Molfetta Law in the Complaint is when the law firm is listed as a Defendant and in an exhibit showing that Plaintiff McCall wrote a letter to Defendant Molfetta Law asking for help in resolving her dispute with Timeshare Freedom Group. Dkt. Nos. 1 at 2, 4; 1-1 at 4. Plaintiffs fail to specify any acts at all that Defendant Molfetta Law undertook with regard to them, let alone any acts that are indicative of willfulness or maliciousness. Merely alleging that Plaintiffs experienced "hardship" and "stress," and that "[Plaintiff McCall's] credit [went] into [the] negative," with no allegations of any conduct whatsoever on the part of Defendant Molfetta Law, is plainly insufficient. Dkt. 1 at 5. This, when combined with Plaintiffs' request for $1,000,000 in damages, indicates that Plaintiffs' punitive damages claim is not plausible. Since Plaintiffs' alleged actual damages only amount to $5,698, rendering punitive damages essential to meet the amount-in-controversy-requirement, the complete lack of factual allegations related to punitive damages is fatal to Plaintiffs' ability to allege an amount in controversy greater than $75,000. Plaintiffs have therefore failed to establish diversity jurisdiction for this reason as well.

* * *

In sum, this Court has neither federal question jurisdiction nor diversity jurisdiction over the instant action. Accordingly, the Court will dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.[5]

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Molfetta Law's Motion to Dismiss (Dkt. 13) is GRANTED; Plaintiffs' Complaint is DISMISSED WITHOUT

---

[5] Because the Court will dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, it will not address Defendant Molfetta Law's remaining Rule 12(b) motions.

PREJUDICE for lack of subject matter jurisdiction. If Plaintiffs so choose, they may file an Amended Complaint within thirty (30) days of this Order.

To appeal this decision, Plaintiffs must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiffs, who are proceeding *pro se*, and to counsel of record for Defendant Molfetta Law. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
October 13, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge

11